UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY,<br>Plaintiff,<br>v.<br>WESTLAKE FINANCIAL SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1-10,<br>Defendants. | No. 2:26-cv-0272 DC AC PS<br><br>ORDER |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Before the court is defendant Westlake Services, LLC's motion for leave to file an amended answer (ECF No. 9) and plaintiff's motion for leave to file a surreply in opposition (ECF Nos. 20-21).

I. Background

The complaint was filed on February 2, 2026, and Westlake answered on February 23, 2026. ECF Nos. 1, 2. At that time, plaintiff had not yet been granted in forma pauperis ("IFP") status, the complaint had not been screened pursuant to 28 U.S.C. § 1915(e)(2), and no defendant had been ordered served pursuant to § 1915(d).

On June 10, 20206, Westlake filed a proposed substitution of attorney, and the undersigned ordered the substitution later that month. ECF Nos. 5, 6. On July 20, 2026,

Westlake filed its motion to file an amended answer. ECF No. 9. As grounds for the motion, defense counsel explained that upon assuming representation of Westlake and reviewing the case file, she discovered that administrative errors had been made in relation to the answer filed by previous counsel and that numerous available defenses had been omitted. Counsel sought a stipulation to the filing of an amended answer, but plaintiff declined to stipulate. Id. at 3-4 (Declaration of Sara Shahbazi).

Plaintiff filed an opposition to the motion, which focused on the futility of amendment as to Westlake's intended arbitration defense. ECF No. 17. Westlake acknowledged in reply that the arbitration defense did not apply to this case, and submitted a corrected amended complaint as its proposed pleading. ECF Nos. 19, 19-1. Plaintiff then filed a request for leave to file a surreply. ECF No. 20. The proposed surreply argues that Westlake improperly utilized its reply brief to "completely restructure, re-index, and re-number its proposed pleading on the fly" and that inclusion of the arbitration defense in the initially proposed amended answer constituted "a bad-faith breach of the duty of candor." ECF No. 21 at 2.

After the filing of Westlake's motion but before briefing had concluded, the undersigned granted plaintiff's IFP application and ordered the complaint served on both Westlake and defendant Experian Information Solutions, LLC. ECF No. 11. The time for service has not yet expired, and Experian has not appeared.

II. Leave to File a Surreply Is Denied

Neither the Federal Rules of Civil Procedure nor the Local Rules of this court authorize the filing of a surreply. See E.D. Cal. R. 230(b)-(d), (l) (responsive briefing consists of opposition and reply). Additional briefing is appropriate only where new evidence or a new theory is presented in the moving party's reply brief. See Provenz v. Miller, 102 F.3d 1478, 1493 (9th Cir. 1996). Here the proposed surreply consists of an attack on a putative defense asserted in the moving papers but *withdrawn* in the reply. Accordingly, there is no new material in the reply brief itself, relevant to the merits of the motion to amend, to which surreply is appropriate. Plaintiff's motion is denied and the proposed surreply will be stricken.

////

III. Leave to File the Amended Answer is Granted

Leave to amend a pleading is freely granted where justice so requires. Fed. R. Civ. P. 15(a)(2). Courts consider five factors in determining whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended its pleading. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); see Foman v. Davis, 371 U.S. 178, 182 (1962). Of these, prejudice is the "touchstone of the inquiry" and given the greatest weight, such that the absence of prejudice requires a strong showing of one of the remaining factors to justify denying leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Here plaintiff argues that he is prejudiced by the assertion of defenses not raised in the original answer, but this argument fails. This case is at the earliest stage. A second defendant has not yet appeared, no initial scheduling conference has been set, and no substantive proceedings have taken place or are imminent. There can have been no detrimental reliance on Westlake's original answer under these circumstances, and thus no cognizable prejudice to plaintiff.

The circumstances of the case are also inconsistent with bad faith or undue delay. Defense counsel sought to amend the answer promptly upon assuming representation of Westlake and identifying the need for amendment. There was no delay. To the contrary, defendant sought amendment before the court had even screened the complaint and ordered issuance of summons.

Moreover, the proposed amendments are entirely routine. With the exception of the arbitration defense, which admittedly does not apply in this case and has been withdrawn, none of the asserted defenses are inapplicable or precluded as a matter of law. Accordingly, amendment is not futile. The merits of the defenses, like the merits of plaintiff's claims, are simply not before the court at the pleading stage.

For these reasons, Westlake's motion to amend is granted.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to file a surreply, ECF No. 20, is DENIED;
2. The proposed surreply, ECF No. 21, is STRICKEN;

3. Defendant Westlake's motion for leave to amend its answer to the complaint, ECF No. 9, is GRANTED;

4. The Clerk is directed to separately docket Attachment A to Westlake's reply brief, ECF No. 19-1 at 2-9, as "AMENDED ANSWER by Westlake Financial Services LLC"; and

5. The hearing on this matter, currently set for September 9, 2026, at 10:00 AM in Courtroom 26 before the undersigned, is VACATED.

DATED: September 1, 2026

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE